UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE J. WINN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNITED STATES POSTAL SERVICE** | **NO. 19-00842-BAJ-RLB** |

## RULING AND ORDER

Before the Court is the Motion to Dismiss (Doc. 22) filed by Defendant, the United States. Defendant seeks an order from this Court dismissing Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1). The Motion is opposed (Doc. 26). Defendant filed a reply brief (Doc. 27), and Plaintiffs filed a surreply brief (Doc. 32). For the reasons stated below, Defendant's Motion is **DENIED**. Defendant's previous Motion to Dismiss (Doc. 11) is also **DENIED** as moot.

### I. RELEVANT BACKGROUND

#### A. Facts

Plaintiffs filed suit against Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, seeking recovery for injuries sustained following a November 20, 2017 motor vehicle collision with a United States Postal Service ("USPS") truck. To recover money damages for personal injuries under the FTCA, a claim must first be "presented" to the appropriate federal agency within two years of the incident and denied by said agency within six months of presentment. 28 U.S.C. § 2675(a). An agency's failure "to make a final disposition of a claim within

1

six months after it is filed shall . . . be deemed a final denial of the claim for the purposes of this section." *Id.*

To recover under the FTCA, Plaintiffs had to file their claim by November 20, 2019. Plaintiffs' counsel sent a letter of representation through certified mail to USPS on July 25, 2018. (Doc. 26-1). The letter advised USPS that Simien & Simien, LLC had been retained to represent the Plaintiffs in their claim from damages arising out of the November 20, 2017 accident. *Id.* It also included a copy of the accident report. *Id.* While this letter was signed and dated, it did not include a sum certain of damages requested.

Thereafter, Plaintiffs timely made demands upon USPS, the appropriate Federal agency, using a Standard Form 95 ("SF-95"). (Doc. 22-3, p. 1). Their claims were received on March 26, 2019. *Id.* The form had the name and address of the Plaintiffs' representative (Simien & Simien), the basis of the claim, the name and address of the Plaintiffs, a claim for $100,000 in damages, and the phone number of the person who submitted the form. *Id.* However, the form was unsigned and undated. *Id.* Due to the lack of signature, USPS "did not endeavor to investigate the merits of the claims." (Doc. 22-2, p. 2).

Instead, on April 18, 2019, USPS allegedly sent a letter to Simien & Simien informing the firm that claims against USPS must comply with the provisions of the FTCA. *Id.* at p. 7. Because the SF-95 form was not signed or dated, the USPS determined that the claims were "being viewed as being invalid." *Id.* USPS sent the forms back to Simien & Simien and requested that Plaintiffs return the forms signed.

*Id*. While Defendant contends that the letter and forms were sent, Defendant has not presented any evidence that the letter was, in fact, delivered. Plaintiffs' counsel asserts that the letter was not received, and attests to the fact that Simien & Simien scans and electronically stores all of its mail. A review of the program which stores the mail provided no evidence that USPS's notice was received. (Doc. 32, p. 3).

USPS did not receive any further information about Plaintiffs' claims and did not take any action on the claim until this suit was filed. (Doc. 22-1, p. 2).

### B. Procedural History

Because Plaintiffs had not received a disposition on their case within six months, Plaintiffs filed their Complaint under the FTCA, naming USPS as the sole Defendant, on December 12, 2019. (Doc. 1). Defendant filed a Motion to Dismiss, alleging lack of subject matter jurisdiction, on March 17, 2020. (Doc. 11). Plaintiffs filed a First Amending and Superseding Complaint, which properly named the United States as the Defendant, on April 14, 2020. Defendant thereafter filed the instant Motion to Dismiss. (Doc. 22).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–287 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or

constitutional power to adjudicate" the claim. *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2001)). Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citing *Ramming*, 281 F.3d at 161).

There are two categories of motions under Rule 12(b)(1): facial attacks on jurisdiction and factual attacks on jurisdiction. *See, e.g. Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981). A "facial attack" accepts the facts of the complaint as true and tests the sufficiency of those allegations. *Id.* However, a "factual attack" rejects the facts underlying a plaintiff's jurisdictional claim. *Id.* Where a defendant makes a "'factual attack' upon the court's subject matter jurisdiction over the lawsuit . . . a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.*

### III. ANALYSIS

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation citation omitted). The FTCA is a limited waiver of sovereign immunity and allows private individuals to sue the United States where the proper procedures are followed. *See* 28 U.S.C. § 2674. "The FTCA bars claimants from bringing suit in federal court until

4

they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). If a plaintiff has not adequately exhausted her administrative remedies, she cannot file suit—even where she exhausted her administrative remedies during litigation. *See id.*; *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury. . . unless the claimant shall have first presented the claim to the appropriate Federal agency.")

Therefore, the question presented here is whether Plaintiffs' claims were sufficiently "presented" for the purposes of the FTCA. If Plaintiffs presented their claims to USPS, and USPS failed to investigate, the Defendant will have waived sovereign immunity and Plaintiffs can pursue their claims in federal court. If the claims were not adequately presented, the suit is untimely.

### A. Requirements to Present a Claim under the FTCA

Whether a claim is properly "presented" for the purposes of the FTCA is governed by 28 C.F.R. § 14.2(a). Section 14.2(a) states that a claim is presented when the correct federal agency receives: (1) an executed SF-95 or other written notification of an incident; (2) a claim for money damages in a sum certain, and; (3) the title of the legal capacity of the person signing, accompanied by evidence of that person's authority to present a claim. 28 C.F.R. 14.2(a). The U.S. Court of Appeals for the Fifth Circuit has held that "an individual with a claim against the government satisfies the notice requirement of § 2675 if he or she: '(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his

5

or her claim." *Williams*, 693 F.2d at 557 (citing *Adams v. United States*, 615 F.2d 284, 288 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (1980)).

The Fifth Circuit has also explained that "the purpose of the FTCA's notice-of-claim requirement 'will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant.'" *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449, (5th Cir. 2014) (citing *Rise v. United States*, 630 F.2d 1068, 1071, (5th Cir. 1980)). To streamline the process of presentation, the Federal Government provides the SF-95. However, a SF-95 is not required to present a claim. *See Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980) ("It is clear, however, that neither a Form 95 nor any other particular form of claim is required.") The Fifth Circuit has held that a district court errs when it imposes additional presentment requirements beyond "(1) written notice of the claim sufficient to enable investigation and (2) a value of the claim." *Pleasant*, 764 F.3d at 449.

### B. Plaintiffs' Claim

Plaintiffs in this case provided USPS with a letter of representation, signed and dated by an attorney, without a claim for damages. Plaintiffs also, eight months later, provided an unsigned, undated, but otherwise complete SF-95. Defendant argues that without a signature on the SF-95, it "had no assurance that the purported claimants intended to assert the claim reflected in the SF-95s and intended the claim to be in the amount stated on the forms." (Doc. 22-1, p. 6). Defendant also claims that,

6

under the circumstances, it had "no assurance that the amounts reflected on the claim forms were actually the amounts determined by Plaintiffs to be the extent of their claims. . . [and] had no assurance that Plaintiffs even intended to assert administrative claims." *Id.* Defendant asks that the Court ignore the fact that Plaintiffs sent a separate letter of representation before submitting their SF-95, stating "[t]he fact that the representation letter was sent in addition to the unsigned and undated claim forms does nothing to diminish the unreliable nature to the unsigned documents." (Doc. 27, p. 1–2).

It is clear that the letter of representation alone, without a sum certain claim for damages, does not meet the presentment requirement.[1] However, the Fifth Circuit has not specifically addressed whether an otherwise complete, but unsigned and undated claim presented on a SF-95 fails to meet § 2675(a)'s presentment requirement, much less when a separate letter of representation was also received. When courts finds that an administrative claim is deficient under § 2675(a), it is often based on multiple deficiencies, one of which is almost always the failure to include a specific amount of damages claimed.[2] However, "in this circuit substantial compliance

---

[1] *See Montoya v. United States*, 841 F.2d 102, 105 (5th Cir. 1988) (holding that a letter from an attorney which outlined the injuries the plaintiffs received without including a specific claim of damages for three out of the four parties did not constitute notice under § 2675).

[2] "We and other circuits have held that timely presentation of a claim including 'a sum certain' is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the [FTCA]." *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984). See also, *Caton v. United States*, 495 F.2d 635, 637 (9th Cir. 1974); *Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972); *Ianni v. United States*, 457 F.2d 804 (6th Cir. 1972); *Bialowas v. United States*, 443 F.2d 1047, 1050 (3d Cir. 1971); *Molinar v. United States*, 515 F.2d 246, 248-49 (5th Cir. 1975).

7

with the requirement has been liberally construed." *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984).

Defendant's argument that Plaintiffs' claims were inadequately presented relies heavily on *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971). Like here, the plaintiff in *Bialowas* was also struck by a USPS vehicle. He submitted a partially completed SF-95, which, in addition to missing a signature and a date, did not include a specific claim for money damages or any documentation from which a specific sum could be computed. *Id.* at 1049. USPS alerted the plaintiff through a phone call to the deficiencies in his SF-95, but he never corrected them. *Id.* The U.S. Court of Appeals for the Third Circuit held that the plaintiff failed to satisfy the presentment requirement under the FTCA. In particular, Defendant points to the Court's statement that "[t]he necessity for a signature to the claim is to fix responsibility for the claim and the representations made therein." *Id.*

The Fifth Circuit examined the *Bialowas* ruling in the case of *Williams v. United States*. In *Williams*, the plaintiff was also struck by a USPS vehicle. 693 F.2d at 555. The plaintiff filed a negligence action in Louisiana state court, which described property damage to the plaintiff's car, along with a list of damages which plaintiff sought to recover for personal injuries. *Id.* The complaint was referred to an assistant U.S. attorney in the Western District of Louisiana, who informed the plaintiff of the requirements of the FTCA. *Id.* The plaintiff subsequently dismissed his state court suit and filed an administrative claim using an SF-95. *Id.* However, in the SF-95, plaintiff failed to provide or demand any specific sum for his personal

8

injuries or a total amount claimed, despite doing so in his state court complaint. *Id.* While acknowledging the holding of *Bialowas*, the Fifth Circuit declined to dismiss plaintiff's claim. It concluded that the plaintiff's initial state court filing, in addition to the SF-95, was sufficient to satisfy the presentment requirements for the purposes of the FTCA. *Id.* at 558.

The same analysis applies here. Plaintiffs' unsigned, undated SF-95, coupled with the signed letter of representation, is sufficient to meet the presentment requirements for the FTCA. In its pedantic and miserly evaluation and adjudication of the claims, Defendant requests that the Court impose additional requirements under the FTCA—that an SF-95 be signed and that a letter of representation be submitted concurrently with a written claim for damages. Following the Fifth Circuit's guidance, the Court shall decline to do so. *See Pleasant*, 764 F.3d at 449 (finding that the district court erred in imposing additional requirements beyond an obligation to provide the agency with written notice of the claim sufficient to enable investigation and a value of the claim).

While the FTCA fails to outline exact requirements for presentment[3], 28 C.F.R. § 14.2(a) in conjunction with the case law of this Circuit is clear. A plaintiff's claim is properly presented when the correct federal agency receives written notification of an incident, a claim for money damages in a sum certain, and the title of the legal capacity of the person signing, accompanied by evidence of that

---

[3] *Mader v. United States*, 654 F.3d 794 (8th Cir. 2011) ("the FTCA does not expressly define the term 'presented' under § 2675(a)").

9

person's authority to present a claim. The case law does not require that all the requirements be submitted at the same time or in a single document. The Defendant cannot credibly argue that the documents Plaintiffs submitted did not constitute "a writing that informs the agency of the facts of the incident and the amount of the claim." *Montoya v. United States*, 841 F.2d 102, 105 (5th Cir. 1988) (describing the factors that constitute valid notice for the purposes of the FTCA). To the contrary, because Defendant received the documents and failed to make a final disposition of the claim within six months of receipt, the Court finds that the United States has waived its sovereign immunity and that the Court has subject matter jurisdiction to hear Plaintiffs' claims.

### C. Plaintiffs' Ability to Amend Their Claims

Because the Court finds that Plaintiffs adequately presented their claims, the Court shall not address whether Plaintiffs should be permitted to rectify the alleged deficiencies in the SF-95s. As noted, the SF-95, coupled with the letter from counsel, was sufficient to place the agency on notice of the nature and amount of the claims such as to enable it to investigate the November 20, 2017 motor vehicle accident. Amendment is not an uncommon remedy for inadequately presented claims where the plaintiffs were not given the opportunity to address deficiencies. *Id.* at 105. Here, Defendant has been made fully aware of Plaintiffs' claims. Thus, such a remedy is not required.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is **DENIED** as moot.

Baton Rouge, Louisiana, this 22nd day of December, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**